# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 15-87 |
| ) | Civil No. 18-1195 |
| ) | Judge Nora Barry Fischer |
| CODY DUNCAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

I.  INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Cody Duncan ("Defendant"), (Docket Nos. 2901), his Brief in Support, (Docket No. 2902), and the Government's opposition thereto, (Docket No. 2925). Defendant maintains that his plea and sentence should be vacated and that he should be resentenced because his counsel allegedly provided ineffective assistance of counsel during plea negotiations. (Docket No. 2902). Specifically, Defendant contends that he pled guilty because of the prospect of the Government filing an information stating a prior drug conviction as a basis for a statutory sentencing enhancement under 21 U.S.C. § 851 but that his counsel should have argued to the Government that the definition of "felony drug offense" under 21 U.S.C. § 802(44) is unconstitutionally vague and that a statutory sentencing enhancement under § 851 could not have applied in his case. (*Id.*). The Government counters that Defendant's motion was untimely filed under the statute of limitations and that it is otherwise without merit. (Docket No. 2905). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [2901] is denied.

II. BACKGROUND

On April 3, 2017, Defendant Cody Duncan pled guilty to Count 1 of the Superseding Indictment at Criminal Number 15-87, i.e., one count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, contrary to the provisions of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(i), and in violation of 21 U.S.C. § 846, from March 2012 through May 21, 2015 pursuant to a Rule 11(c)(1)(C) plea agreement with the Government. (Docket Nos. 2115-2116). As is the Court's practice, it conducted an extensive colloquy with Defendant to confirm that he was competent, understood the Constitutional and other rights that he was waiving by entering a guilty plea, and that he was knowingly and voluntarily pleading guilty. (*Id*.). The Court also addressed the terms of the plea agreement directly with Defendant, who assented, under oath, that he executed the plea agreement and stipulated to all of the following:

- Defendant would plead guilty to Count 1 and Counts 11, 20, 25, and 56 would be dismissed upon the imposition of sentence in this case;

- the Government would not file a § 851 Information stating a prior conviction as a basis for increased punishment;

- the amount of heroin attributable to Defendant resulting from his commission of the offense was one to three kilograms;

- the potential penalties for such offense included "[a] term of imprisonment of at least 10 years and up to life imprisonment"; and,

- the parties "stipulate and agree that the appropriate sentence in this case is a term of imprisonment of 120 months, no fine, a term of supervised release of 5 years, and a special assessment of $100."

*Plea Letter dated 3/6/17* at §§ A.1; B.1; B.4; C.1; C.2; C.3.

At the sentencing hearing, no objections were lodged to the Presentence Investigation Report or the Court's Tentative Findings and Rulings and both parties advocated that the Court

should accept their Rule 11(c)(1)(C) plea agreement. (*See* Docket No. 2668). Defendant declined to make an allocution in response to the Court's invitation. (*Id*.). After careful consideration of the § 3553(a) factors, and for reasons detailed on the record, the Court held that Defendant knowingly and voluntarily pled guilty to Count 1; accepted the parties' plea agreement; and imposed their agreed-upon sentence of 120 months' incarceration; 5 years' supervised release; and $100 special assessment. (*Id*.). A fine was waived given Defendant's inability to pay and the Court dismissed Counts 11, 20, 25, and 56 upon an oral motion by the Government. (*Id*.).

Defendant did not appeal his conviction or sentence to the Court of Appeals. (*See generally* Docket Report 15-87). The Court received Defendant's § 2255 Motion and Brief in Support on September 10, 2018. (Docket Nos. 2901; 2902). Defendant avers in his papers that he placed them in the prison mail system on August 22, 2018 and the envelope shows that it was mailed from the prison on September 6, 2018. (Docket No. 2901). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and as he did not respond within 30 days, the Court ordered the Government to file a response. (Docket Nos. 2903; 2917). The Government timely filed its response in opposition on November 6, 2018. (Docket No. 2925). No further briefing has been requested and the Court considers the matter to be fully briefed and ripe for disposition.

### III.    LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error

of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x. 75, 78 (3d Cir. 2014), which were initially set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland*, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the

4

motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

  IV. DISCUSSION

  At the outset, the Court overrules the Government's objection to the timeliness of Defendant's § 2255 motion because the Government has incorrectly utilized the date of the entry of judgment as the date that the statute of limitations begins to run. To the contrary, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), and a "conviction becomes final, and the statute of limitations begins to run when the time for filing a notice of appeal expires and no appeal has been filed." *Sayles v. United States*, 2013 WL 4523593, at *3 (W.D. Pa. Aug. 27, 2013) (citing *United States v. Kapral*, 166 F.3d 565, 577 (3d Cir. 1999)). Here, Defendant was sentenced on August 24, 2017, making his notice of appeal due 14 days later, i.e., by September 7, 2017. *See* Fed. R. App. P. 4(b)(1)(A). As no appeal was filed, Defendant's conviction became final on September 7, 2017 and his § 2255 motion was required to be filed by September 7, 2018. *See Sayles*, 2013 WL 4523593, at *3. Since the Government admits that the envelope containing Defendant's § 2255 motion indicates that prison officials placed it in the mail on September 6, 2018, his filing

5

was timely made within the one-year statute of limitations.  (*See* Docket No. 2925 at 5).

With that said, the Court agrees with the Government that Defendant's § 2255 motion is properly denied without a hearing as he has not demonstrated that he was prejudiced by any alleged errors committed by his counsel.  *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008).  "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Lee v. United States*, 137 S. Ct. 1958, 1965, 198 L. Ed. 2d 476 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Defendant's essential argument is that his counsel erred in advising him to plead guilty to Count 1 because, if he was convicted at trial, he would have faced a potential sentencing enhancement under § 851 and a mandatory minimum penalty of 20 years but did not argue the enhancement was inapplicable because the definition of "felony drug offense" under 21 U.S.C. § 802(44) is allegedly unconstitutionally vague.  (Docket Nos. 2091; 2092).  In this Court's estimation, Defendant has failed to demonstrate that he was prejudiced by such advice for several reasons.

First, Defendant knowingly and voluntarily pled guilty to Count 1 pursuant to a Rule 11(c)(1)(C) plea agreement with the Government, which the Court accepted, sentencing him to the mandatory minimum penalty of 120 months' incarceration.  He was not prejudiced by the failure of his counsel to press his claim that § 802(44) is unconstitutional because a § 851 Information was not filed in his case and the same had no effect on the imposition of the mandatory minimum sentence.  *See United States v. Fielder*, Cr. No. 13-125, 2018 WL 6680564, at *5 (W.D. Pa. Dec. 19, 2018) ("Defendant's constitutional challenge to § 851 does not provide him with the requested relief because the Government did not file an Information stating a prior

conviction against him in this case and that provision had no bearing on his sentence.").

Second, Defendant has not produced any contemporaneous evidence that the prosecution made him a better offer than the plea deal he accepted or supporting his claim that he would have gone to trial had the alleged errors not occurred. *See Lee v. United States*, 137 S. Ct. 1958, 1967, 198 L. Ed. 2d 476 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."). Again, Defendant claims that he only pled guilty because he feared being subject to a mandatory period of 20 years' imprisonment but he ignores the other substantial benefits he received under the plea agreement. *See Plea Agreement dated 3/6/17*. To this end, in addition to bargaining away the potential statutory enhancement under § 851, which would have raised his mandatory minimum penalty to 20 years at Count 1, defense counsel also persuaded the prosecutor to drop the charge of possession of a firearm in furtherance of a drug trafficking crime, which carried a mandatory, consecutive penalty of 60 months' incarceration upon conviction as well as counts of felon in possession of a firearm and possession with intent to deliver heroin. *See Plea Agreement dated 3/6/17*. Hence, even without the § 851 Information, Defendant faced a mandatory minimum penalty of 15 years and up to life imprisonment. In addition, without the 3-level reduction for acceptance of responsibility, the advisory guidelines range would have been 188-235 months' incarceration on the drug counts plus the sixty-month mandatory minimum, resulting in total exposure of 248-295 months' incarceration. In any event, Defendant's claim that he would have gone to trial where, upon conviction, he could have faced a total mandatory minimum penalty of 25 years and up to life imprisonment if the Court rejected his constitutional challenge to § 802(44) is specious. *See Lee*, 137 S. Ct. at 1965.

7

Third, and most importantly, Defendant's vagueness challenge to § 802(44) has been rejected by numerous courts as unmeritorious. Judge Conti recently dismissed such a claim, analyzing same in the following manner:

> [Defendant] argues that the court erred in imposing a 20-year statutory mandatory minimum sentence, as provided in 21 U.S.C. § 841, because the "sentencing enhancement" is unconstitutional. (ECF No. 1203 at 7). [Defendant] argues that 21 U.S.C. § 802(44) (defining the term "felony drug offense") is unconstitutionally vague because it contains the phrase "conduct relating to." He relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the "residual clause" in the Armed Career Criminal Act was unconstitutionally vague). [Defendant] posits scenarios involving driving under the influence and forging a doctor's prescription.
>
> In *United States v. Herrera*, No. 17-50074, 2018 WL 6445871, at *1 (9th Cir. Dec. 10, 2018), the court of appeals rejected the contention that the definition of "felony drug offense" in 21 U.S.C. § 802(44) is unconstitutionally vague. The court explained that the law gives a defendant a reasonable opportunity to know that his or her particular prior conviction could be the subject of an enhancement under 21 U.S.C. § 841(b)(1)(a). The court held that this issue was not governed by the Supreme Court's decision in [Defendant]. *Id*. at *2. In *United States v. Mattler*, No. 17-2072-CR, 2018 WL 4816663 (2d Cir. Oct. 4, 2018), the court similarly rejected a vagueness challenge and commented: "Whatever lack of clarity there may be about the furthest limits of the conduct covered by 'relating to' the listed substances, there can be no doubt that possessing and selling cocaine lie unambiguously at the very heart of the definition." *Id*. at *2. In this case, [Defendant's] predicate felony drug offenses also involved the heart of the definition and subjected him to an enhanced mandatory minimum sentence under § 841.

*United States v. Alonzo Lamar Johnson*, Cr. No. 08-374, 2019 WL 266375, at *8 (W.D. Pa. Jan. 18, 2019). Such analysis is equally applicable to Defendant's case and demonstrates that he was neither provided ineffective assistance of counsel nor prejudiced by his counsel not making such an unmeritorious argument.

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary

relief to set aside Defendant's valid conviction and sentence under § 2255. *See Travillion*, 759 F.3d at 288. Accordingly, his Motion is denied.

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

                                                *s/Nora Barry Fischer*
                                                Nora Barry Fischer
                                                U.S. District Judge

Dated: January 30, 2019

cc/ecf: All counsel of record
        Cody Duncan (USMS # 35754068)
        FCI Hazelton
        P.O. Box 5000
        Bruceton Mills, WV 26525